# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ERVIN OGLETREE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:15-CV-2369-VEH** |
| | ) | |
| **ROBERT HAYES, Attorney,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION

### I.    Introduction and Procedural History

This case was reassigned to the undersigned on March 16, 2016. (Doc. 7).

Plaintiff Ervin Ogletree ("Mr. Ogletree"), who is proceeding *pro se*, initiated the

action on December 31, 2015, against Defendant Robert Hayes ("Mr. Hayes"). (Doc.

1). Mr. Ogletree does not indicate in his complaint what statute he relies upon to

establish the existence of subject matter jurisdiction. (*See id.* at 2 ¶ 3 (leaving

jurisdictional portion of "General Complaint Form for Pro Se Litigants" blank)).

Because federal courts are tribunals of limited jurisdiction, "a federal court has

an independent obligation to review its authority to hear a case before it proceeds to

the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-01

(11th Cir. 2000); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342,

1352 (11th Cir. 1997) ("The Court *sua sponte* may raise a jurisdiction defect at any time."). Perceiving jurisdictional problems with his complaint, the previously assigned judge entered a show cause order (Doc. 5) on March 1, 2016, which explained to Mr. Ogletree that he needed to satisfy his jurisdictional burden and gave him 10 days (until March 11, 2016), to meet that requirement by "fil[ing] an amended complaint with facts sufficient to allow the [court] to evaluate the presence of federal jurisdiction." (Doc. 5 at 4).

This show cause order also put Mr. Ogletree on notice that his failure to respond might result in a dismissal of his claims "without further notice." *Id.* The show cause deadline has passed without any filing from Mr. Ogletree. Because Mr. Ogletree has failed to carry his jurisdictional burden after the court explained his complaint's deficiencies and gave him an opportunity to amend in a manner that cured those concerns, his case is due to be dismissed without prejudice *sua sponte*. Alternatively, Mr. Ogletree's action is due to be dismissed without prejudice for his failure to prosecute.

## II.   Analysis

### A.   Subject Matter Jurisdiction

Mr. Ogletree's case is due to be dismissed without prejudice for lack of subject matter jurisdiction. A dismissal for lack of subject matter jurisdiction must be without

prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008) (affirming district court dismissal for lack of jurisdiction but reversing for entry of dismissal "without prejudice" on remand rather than "with prejudice" as originally and erroneously entered).

As the court previously explained in its show cause order, Mr. Ogletree makes no claim for relief that it can readily decipher as appropriately and plausibly arising under federal law. Instead, the only claim that Mr. Ogletree appears to assert against Mr. Hayes is one for legal malpractice that arises under Alabama law. "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-10, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983)).

Alternatively "[a] case, however, may arise under federal law 'if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.'" *Diaz*, 85 F.3d at 1505 (quoting *Franchise Tax Board*, 463 U.S. at 13, 103 S. Ct. at 2848). Mr. Ogletree's complaint does not meet this less common method for establishing federal question jurisdiction as it completely lacks any reference, much less a <u>substantial</u> connection to federal substantive law. Thus, Mr. Ogletree cannot depend upon 28

3

U.S.C. § 1331 (*i.e.*, the federal question statute) as a basis for subject matter jurisdiction. *Cf. Diaz*, 85 F.3d at 1505-06 (11th Cir. 1996) (holding that claim of legal malpractice allegedly committed by an attorney in a prior federal court case involving issues of federal constitutional law did not present a federal question); *cf. also Ray v. Tennessee Valley Authority*, 677 F.2d 818, 820, 825-26 (11th Cir.1982) (finding federal question jurisdiction lacking for legal malpractice claim asserted against district court-appointed attorney who previously handled reduction-in-force action against public employer under 42 U.S.C. §§ 1983 and 1985).

Mr. Ogletree is also foreclosed from relying upon 28 U.S.C. § 1332 (*i.e.*, the diversity statute) in light of his complaint's indication that he and Mr. Hayes are both residents of Alabama. (Doc. 1 at 1, 2). Critically, the apparent lack of diversity between him and Mr. Hayes runs afoul of § 1332(a)(1)'s requirement that the opposing parties be "citizens of different States[.]" 28 U.S.C. § 1332(a)(1). *See, e.g., Ray*, 677 F.2d at 825 ("Because both Ray and Drake are citizens of the same state, Alabama, the court lacked diversity jurisdiction under 28 U.S.C. § 1332."). Additionally, Mr. Ogletree's complaint does not ask for a specific amount of damages, much less a sum that satisfies the amount in controversy component of diversity jurisdiction. (Doc. 1 at 3 ¶ 5); (Doc. 5 at 3); *see also* 28 U.S.C. § 1332(a) (providing that "district court shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000 . . .").

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Despite the entry of the show cause order, Mr. Ogletree still has not demonstrated how this court can appropriately exercise federal jurisdiction over his dispute with Mr. Hayes. Thus, Mr. Ogletree has not carried his burden and a *sua sponte* dismissal of his case without prejudice is required. *See* FED. R. CIV. P. 12(h)(3) (providing that in the absence of subject matter jurisdiction, "the court <u>must</u> dismiss the action.") (emphasis added); *see also Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (same).

### B.   Failure to Prosecute

Alternatively, Mr. Ogletree's case is due to be dismissed for his failure to prosecute. As the foregoing procedural history reveals, Mr. Ogletree has neither complied with the requirements of the court's show cause order nor provided any explanation to the court for this non-compliance. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

Further, case law reinforces that, as a result of Mr. Ogletree's failure to comply with the show cause order or otherwise indicate an intent that he still wishes to pursue claims against Mr. Hayes (*e.g.*, such as by seeking an extension of time in which to amend his complaint in a jurisdictionally-satisfying manner), the court possesses the inherent power to dismiss his suit *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (citing *Cage v. Cage*, 74 F.2d 377, 378 (5th Cir. 1934) ("Every court has the inherent power in term time, without notice, to set cases appearing on its docket for hearing and to dismiss cases for want of, or unreasonable delay in, prosecution.")));[1] *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure [sic] prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed and administered to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the court's show cause order, Mr. Ogletree was expressly put on notice that the court would consider dismissing his lawsuit for lack of subject matter jurisdiction if he failed to timely and adequately comply (Doc. 4 at 4) and, nonetheless, he ignored that warning and filed <u>nothing</u>. "[A] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status." *Moon*, 863 F.2d at 838 n.5 (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980)); *see also Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Guided by the foregoing legal framework, the court concludes that dismissing Mr. Ogletree's action against Mr. Hayes "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as Mr. Ogletree is

representing himself. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that [s]he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Additionally, a "without prejudice" dismissal is consistent the court's prior warning to Mr. Ogletree about the negative consequences for him in the event that he did not replead his claims to show the existence of subject matter jurisdiction as such a dismissal is always and only appropriately entered as a "without prejudice" ruling. *See Stalley*, *supra*.

## III.   Conclusion

Because Mr. Ogletree has invoked the jurisdiction of this court, and because he has neither filed anything in response to the show cause order nor otherwise attempted to cure his complaint's numerous jurisdictional deficits (as previously pointed out to him) through an amending pleading, his lawsuit is due to be dismissed without prejudice *sua sponte*. Alternatively, Mr. Ogletree's case is due to be dismissed without prejudice for his failure to prosecute.

Importantly, as the court's dismissal is a "without prejudice" one regardless of the underlying reasoning (*i.e.*, want of jurisdiction or lack of prosecution), this means that the merits of Mr. Ogletree's claims against Mr. Hayes, if any, are not barred from

further litigation in state or federal court. Further, in the absence of subject matter jurisdiction and Mr. Ogletree's concomitant failure to prosecute, Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. 2) filed on December 31, 2015, is due to be termed as moot. Finally, the court will enter a separate order of dismissal consistent with this memorandum opinion.

      **DONE** and **ORDERED** this 23rd day of March, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge